# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

SHANNON DERRELL WILLIAMS,

    Petitioner,

v.                                                     Civil Action No. **3:11CV649**

FERNANDO GALINDO, *et al.*,

    Respondents.

## REPORT AND RECOMMENDATION

Shannon Derrell Williams, a federal inmate proceeding *pro se* and *in forma pauperis*, filed this "Motion for Writ of Mandamus." (Docket No. 1 (capitalization corrected).) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1361.

### Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The Court may look to its own records in assessing whether a case is frivolous. *Id.* at 427-28 (citing cases). The second standard mentioned above is the familiar standard for a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6). For the reasons set forth below, it is RECOMMENDED that Williams's petition for a writ of mandamus be DISMISSED as legally frivolous.

**Procedural Background and Summary of Allegations**

After a three-day bench trial before a United States District Judge in the Eastern District of Virginia, Williams was sentenced to consecutive terms of life imprisonment for drug, firearm, and murder charges. *See United States v. Williams*, 85 F. App'x 341, 345 (4th Cir. 2004). In the wake of his convictions, Williams has filed a number of frivolous motions in his criminal case seeking to compel his release. *See, e.g.*, "Complaint in Admiralty, Motion for Release of Vessel or Property in Accordance with Supplemental Rule (E)(5)(a) and 28 U.S.C. §§ 2462 and 2464(c)," *United States v. Williams*, No. 3:02CR85-1 (E.D. Va. filed Mar. 21, 2011) (internal quotation marks omitted, capitalization and punctuation corrected); "Motion for Release of Vessel or Property in Accordance with Supplemental Rule (E)(5)," *United States v. Williams*, No. 3:02CR85-1 (E.D. Va. filed Dec. 13, 2010) (capitalization corrected).

Through his present request for a writ of mandamus, Williams aims to compel Fernando Galindo, Clerk of the United States Court for the Eastern District of Virginia to release Williams from prison and to quash his underlying criminal conviction. Williams bases his ability to make such a demand on several documents he has mailed over the past several years, including:

> 1. A copy of a "Private Accomodation [sic] Offset and Discharging Bond" and "Bonded Promissory Note" sent to the Department of the Treasury. (Pet. Writ Mandamus 2.) Williams represents that these documents were "for payment, settlement, immediate release and discharge of said party [*i.e.*, Williams] from all related liabilities, contracts, accounts, and any obligation deriving from case/account No. 3:02cr85-01 [Williams's criminal case number in this Court], and closure of case/account no. 3:02cr-85-01." Williams notes that the above documents were "accepted without dishonor." (*Id.*);
>
> 2. A "Power of Attorney" sent to Galindo related to the above documents. (*Id.*); and,

2

3. "Fiduciary Appointment with instructions," which allegedly appointed Galindo as a fiduciary for Williams. (*Id.* at 3.)

Williams argues that, because Galindo did not send back the above documents, Galindo has a "tacit agreement" to perform the duties stated therein. (*Id.*) These duties boil down to ensuring the release of Williams.

## Analysis

Mandamus is a drastic remedy, only to be granted in extraordinary circumstances. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987) (*citing Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976)). The party seeking mandamus relief has the heavy burden of showing that he or she has no other adequate avenues of relief and that the right to the relief sought is "'clear and indisputable.'" *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989) (*quoting Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). As explained below, Williams does not meet this standard. Williams has no right whatsoever to compel his release from prison by the frivolous submissions described in his petition for a writ of mandamus.

The Court's records reflect that Williams remains properly incarcerated. Williams's suggestion that Galindo must order his release appears to emanate from Redemptionist theory[1]

---

[1] Redemptionists contend that in 1933 the United States went bankrupt upon leaving the gold standard. *See Monroe v. Beard*, No. 05-04937, 2007 WL 2359833, at *2 (E.D. Pa. Aug. 16, 2007); *Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 758-59 (W.D. Va. 2007), *aff'd*, 282 F. App'x 260 (4th Cir. 2008). In order to satisfy its debts, the United States leverages its citizenry as collateral, using birth certificates and Social Security numbers to create a contract with the incoming populace. *Monroe*, 2007 WL 2359833, at *2. These documents have the effect of creating a dual personality within each person that consists of a real person and a "strawman," the fictitious corporate entity created by the United States. *Id.*

Those who subscribe to Redemptionism claim that the United States only has jurisdiction on the strawman, not the flesh-and-blood human. Additionally, when each United States citizen is born, an "exemption account" is created for each person, a virtually bottomless well of money identified by the person's Social Security number. *Id.* At the heart of Redemptionist theory lies

3

which the courts have universally rejected as having no basis in the law. *See Tirado v. New Jersey*, No. 10-3408 (JAP), 2011 WL 1256624, at *4-5 (D.N.J. Mar. 28, 2011) (concluding inmate's Redemptionist argument had "no legal basis"); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 209 n.8 (D. Conn. 2010); *Bryant*, 524 F. Supp. 2d at 760 (referring to arguments as "clearly nonsense"). Williams's theory—that he can compel his release by simply filing documents reciting frivolous legal theories—is no exception. *See Ferguson-El v. Virginia*, 3:10CV577, 2011 WL 3652327, at *3 (E.D. Va. Aug. 18, 2011) (declaring inmate's Redemptionist-based argument for his release "legally frivolous").

This Court declines, as unnecessary and inappropriate, the opportunity to engage in a discussion of the utter lack of merit of Williams's theory for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (*citing Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Accordingly, it is RECOMMENDED that the "Motion for Writ of Mandamus" (Docket No. 1 (capitalization corrected) be DENIED and the action be DISMISSED as legally frivolous.

Williams is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation

---

the belief that, by filing certain financial documents, citizens can "redeem" themselves and acquire an interest in the fictional person created by the government, and, consequently, the profits derived from the strawman's use. *Id.*; *see Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008).

may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Williams.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: DEC 1 7 2012
Richmond, Virginia